**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
DENVER DIVISION**

**CIVIL NO. 1:14-cv-3071**

**JACK BAHR, Individually and On Behalf
of All Others Similarly Situated,**

**Plaintiff,**

**V.**

**WOLF OIL AND GAS, LLC, JEFFERY
WOLF, AND JESSE WOLF,**

**Defendants.**

**JURY TRIAL DEMANDED**

---

**PLAINTIFF'S ORIGINAL CLASS ACTION AND COLLECTIVE ACTION
COMPLAINT & JURY DEMAND**

---

## SUMMARY

1.      Defendants Wolf Oil and Gas, LLC, Jeffery Wolf, and Jesse Wolf ("Defendants")

required Plaintiff Jack Bahr ("Plaintiff") to work more than forty (40) hours in a workweek as a

flow tester. Plaintiff is an hourly paid employee who monitors oil and gas wells.  Defendants

misclassified Plaintiff as an independent contractor and as such paid him straight time for

overtime hours worked. Defendants also failed to pay Plaintiffs for all hours worked.

Defendants also misclassified hundreds of other flow testers as independent contractors and failed to pay them overtime pay and for all hours worked.

2.      Defendants' conduct violates the Fair Labor Standards Act, which requires non-exempt employees to be compensated for all hours in excess of forty (40) in a workweek at one and one-half times their regular rate. *See* 29 U.S.C. § 207(a).  On behalf of himself and all other similarly situated employees, Plaintiff brings this action as a collective action under the FLSA, 29 U.S.C. 216(b).  Members of the collective action are referred to hereinafter as the "**FLSA Class Members**."

3.      Defendant Wolf Oil and Gas, LLC is headquartered in and organized under the law of Colorado and Defendants Jeffery Wolf and Jesse Wolf are residents of Colorado and owners of Defendant Wolf Oil and Gas, LLC.  Plaintiff Bahr worked for Defendants in Colorado.

4.      Plaintiff also brings claims under the Colorado Wage Claim Act, *see* COLO. REV. STAT. §§ 8-4-101, *et seq.* ("CWCA") for Defendants' failure to pay Plaintiff, and other similarly-situated persons, all earned overtime for work performed in Colorado.  Plaintiff brings these state law claims as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of himself and all other non-exempt employees who worked more than forty (40) hours in a workweek as flow testers or in substantially similar positions for Defendants in Colorado. Members of the Colorado class are hereinafter referred to as the "**Colorado Class Members**."

## SUBJECT MATTER JURISDICTION AND VENUE

5.      This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1332(d)(1).

6.     This Court also has supplemental jurisdiction over the state law claims raised herein pursuant to 28 U.S.C. § 1367 because those claims do not raise novel or complex issues of state law and because those claims derive from a common nucleus of operative facts from which the FLSA claims stated herein derive, namely the failure of Defendants to pay overtime because they misclassified their workers as independent contractors.

7.     Venue is proper in the District of Colorado because a substantial portion of the events forming the basis of this suit occurred in this District.

## PARTIES AND PERSONAL JURISDICTION

8.     Plaintiff Jack Bahr is an individual residing in Mesa County, Colorado.  Plaintiff's written consent to this action is attached hereto as Exhibit "A."  Plaintiff performed work for Defendants in Colorado within the last three years.

9.     The **FLSA Class Members** are all current and former hourly-paid workers who performed work for Defendants associated with monitoring and maintaining oil and gas wells throughout the United States during the three-year period before the filing of this Complaint up to the date the Court authorizes notice.  The **Colorado Class Members** are a subset of the FLSA Class Members that performed work for Defendants in Colorado, during the three-year period before the filing of this Complaint up to the date this Court certifies the class under Rule 23.

10.    Defendant Wolf Oil and Gas, LLC is a domestic limited liability company doing business in Colorado.  This Defendant may be served with process through its registered agent, Business Filings Incorporated, at 1675 Broadway, Suite 1200, Denver, Colorado 80202.

11.     Defendant Jeffery Wolf is an individual and an Owner of Defendant Wolf Oil and Gas, LLC.  Defendant Jeffery Wolf may be served with process at 284 N. Meadow Dr., Rifle, Colorado, 81650, or wherever he may be found.

12.     Defendant Jesse Wolf is an individual and an Owner of Defendant Wolf Oil and Gas, LLC.  Defendant Jesse Wolf may be served with process at 482 Arrowhead Trail, Rifle Colorado, 81650, or wherever he may be found.

13.     The Court has personal jurisdiction over Defendants because they are residents of Colorado.

## COVERAGE

14.     At all material times, Defendants have been an employer within the meaning of 3(d) of the FLSA.  29 U.S.C. § 203(d).

15.     At all material times, Defendants have been an employer within the meaning of CO. REV. STAT. § 8-4-101(5) and the applicable Colorado Minimum Wage Orders.

16.     Defendant Wolf Oil and Gas, LLC is a commercial support service company within the meaning of the applicable Colorado Minimum Wage Orders because it is a business or enterprise that is directly or indirectly engaged in providing service to other commercial firms through the use of service employees such as Plaintiff and the Class Members.

17.     At all material times, Defendants have been an enterprise within the meaning of 3(r) of the FLSA.  29 U.S.C. § 203(r).

18.     At all material times, Defendants have been an enterprise or enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the

FLSA because Defendants has had and continues to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

19.     Furthermore, Defendants have an annual gross business volume of not less than $500,000.

20.     At all material times, Plaintiff and Class Members were individual employees who engaged in commerce or in the production of goods for commerce as required by 29 USC §§ 206-207.

21.     At all material times, Plaintiff and the Colorado Class Members were employees of Defendants with the meaning of Co. Rev. Stat. § 8-104-101(4) and the applicable Colorado Minimum Wage Orders.

## FACTUAL ALLEGATIONS APPLICABLE TO ALL COUNTS

22.     Defendants provide oil and gas well monitoring services to energy companies nationwide.

23.     Defendants' principal business operations occur in Colorado.

24.     Defendants operate in more than one city in Colorado.

25.     Defendants operate in more than one state in the United States.

26.     Plaintiff, FLSA Class Members, and Colorado Class Members are employed by Defendants as flow testers.  Their primary duties consist of monitoring oil and gas wells.

27.     Plaintiff, FLSA Class Members, and Colorado Class Members worked on a regular basis for Defendants at various oil and gas well locations, monitoring such oil and gas wells.

28.     Plaintiff Jack Bahr worked for Defendants' sole benefit monitoring oil and gas wells at multiple locations throughout Colorado.

29.     While working for Defendants at these various locations, Plaintiff Jack Bahr interacted with and became familiar with the way Defendants treats its other employees with respect to overtime pay and that it misclassifies such workers as independent contractors. Therefore, Plaintiff Jack Bahr has first-hand personal knowledge of the same pay violations throughout Defendants' operation at multiple geographical locations.

30.     Defendants paid Plaintiff, FLSA Class Members, and Colorado Class Members on an hourly basis.

31.     Defendants hired/fired, issued pay, supervised, directed, disciplined, scheduled and performed all other duties generally associated with that of an employer with regard to Plaintiff, FLSA Class Members, and Colorado Class Members.

32.     In addition, Defendants instructed Plaintiff, FLSA Class Members, and Colorado Class Members about when, where, and how they were to perform their work.

33.     Moreover, the following conduct further demonstrates that Defendants acted as an employer with respect to Plaintiff, FLSA Class Members, and Colorado Class Members:

    a.  Defendants required Plaintiff, FLSA Class Members, and Colorado Class Members to turn in the hours or days they worked weekly or bi-weekly just like normal hourly-paid or day-rate employees (Defendants conveniently labeled these time sheets "invoices" to further their misclassification ruse);

    b.  Defendants paid Plaintiff, FLSA Class Members, and Colorado Class Members on a non-negotiable hourly or day rate Defendants unilaterally set;

c.  Defendants required Plaintiff, FLSA Class Members, and Colorado Class Members to report to their assigned well at a set time;

d.  Defendants decided the well to which the flow testers  would be assigned;;

e.  Defendants required Plaintiff, FLSA Class Members, and Colorado Class Members to request time off in advance and have that time off preapproved;

f.  Defendants issued work orders to Plaintiff, FLSA Class Members, and Colorado Class Members;

g.  Defendants provided safety training to Plaintiff, FLSA Class Members, and Colorado Class Members which included instruction on how to perform their work;

h.  Defendants assigned Plaintiff, FLSA Class Members, and Colorado Class Members so many work hours per week (often more than 70) that, as a practical matter, they were prevented from working for any other company while working for Defendants;

i.  Defendants controlled the amount of hours Plaintiff, FLSA Class Members, and Colorado Class Members worked;

j.  Defendants dictated the locations at which Plaintiff, FLSA Class Members, and Colorado Class Members worked;

k.  Defendants required Plaintiff, FLSA Class Members, and Colorado Class Members to work more than forty (40) hours per workweek, and typically Plaintiff and Class Members worked more than seventy (70) hours per workweek;

l.  Plaintiff, FLSA Class Members, and Colorado Class Members' services were

integrated into Defendants' operations in that Defendants product to its customer was the exact service performed by the flow testers;

m. Plaintiff, FLSA Class Members, and Colorado Class Members were required to perform their work in an order set by Defendants, such as filling out flow test reports on the hour, every hour;

n. Plaintiff, FLSA Class Members, and Colorado Class Members worked for Defendants for long periods of time, often months or years, as is common with employees;

o. Defendants had rules that Plaintiff, FLSA Class Members, and Colorado Class Members were required to follow when performing their jobs;

p. Defendants tracked the hours and days worked by Plaintiff, FLSA Class Members, and Colorado Class Members; and

q. Defendants maintained the right to discharge Plaintiff, FLSA Class Members, and Colorado Class Members at will.

34. Furthermore, the degree of investment Plaintiff, FLSA Class Members, and Colorado Class Members made to perform their work pales in comparison to the expenses Defendants incurred. Plaintiff and Class Members were required to supply simple hand tools, such as wrenches. On the other hand, Defendants provided equipment worth hundreds of thousands of dollars including sand traps, water pumps, earth moving equipment, flowback tanks, generators, valves, gauges, pipe, light plants, generators, and flare stacks.

35.     A majority of Defendants' annual revenue is derived from work performed by Plaintiff, FLSA Class Members, and Colorado Class Members.

36.     Despite these facts, Defendants improperly classified Plaintiff, FLSA Class Members, and Colorado Class Members as independent contractors and not employees.

37.     Defendants classified its employees as independent contractors to avoid its obligations to pay employees pursuant to the FLSA and the Colorado Wage Act as well as to reap other benefits of such illegal classification such as reduced tax liability, avoiding paying workers' compensation insurance, and other forms of insurance and to pass on Defendants' operational costs to its work force.

38.     However, at all times, the flow testers and other similarly situated workers were employees of Defendants for the reasons stated above.

39.

40.     Defendants did not compensate Plaintiff at the FLSA mandated time-and-a-half rate for hours in excess of forty (40) per workweek.

41.     Instead, Defendants paid Plaintiff a flat hourly rate for all hours worked, regardless of how many hours he actually worked.  Additionally, Defendants did not compensate Plaintiff at all for a significant number of hours he spent working each week because Defendants placed a cap on the number of hours he could report working each day or week.

42.     That is, Defendants paid Plaintiff, FLSA Class Members, and Colorado Class Members straight time for overtime on their reported hours and nothing for the time they spent working during the hours they were not permitted to record or report. Defendants knew or should have known that Plaintiff worked these additional hours.

43.     No federal or state exemption applies to hourly-paid or day-rate employees such as Plaintiff, FLSA Class Members, and Colorado Class Members.

44.     Defendants' method of paying Plaintiff in violation of the FLSA and Colorado Wage Act was willful and was not based on a good faith and reasonable belief that their conduct complied with the FLSA or the Colorado Wage Act.

45.     Defendants' conduct is all the more egregious because they intentionally set up a paper profile that belied the true interaction and conduct of the company and its workforce. For example, Defendants insisted that its workers submit euphemistically titled "invoices," not time sheets.  Defendants required their workers to complete other paper work which Defendants intended to, on the surface, give the impression that their workforce was composed of independent contractors.  In reality, Defendants operated as an oil and gas monitoring company and sold their services through a workforce of employees.

46.     That is, Defendants' misclassification was not by accident, but a well thought out scheme to reduce their labor costs.  Accordingly, Defendants' violations of the FLSA and Colorado Wage Act were willful.

47.     At all times relevant to this action, Defendants Jeffery Wolf and Jesse Wolf controlled the nature, pay structure, and employment relationship of the Plaintiff, FLSA Class Members, and Colorado Class Members.

48.     At all times relevant to this action, Defendants Jeffery Wolf and Jesse Wolf had the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the business' checking accounts, including payroll accounts, and the authority to make decisions regarding employee compensation and capital expenditures.

Additionally Defendants Jeffery Wolf and Jesse Wolf were responsible for the day-to-day affairs of Defendant Wolf Oil and Gas, LLC.  In particular they were responsible for determining compliance with the FLSA and CWCA.

49.     As such, pursuant to 29 U.S.C. § 203(d) and Co. Rev. Stat. § 8-4-101(5), Defendants Jeffery Wolf and Jesse Wolf acts directly or indirectly in the interest of Plaintiff, the FLSA Class Members, and Colorado Class Members as their employer, which makes them individually liable under the FLSA and the CWCA.

## COUNT ONE: VIOLATION OF 29 U.S.C. § 207

50.     Plaintiff incorporates all allegations contained in the foregoing paragraphs.

51.     Defendants' practice of failing to pay Plaintiff time-and-a-half rate for hours in excess of forty (40) per workweek violates the FLSA.  29 U.S.C. § 207.

52.     None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are employed are applicable to Defendants or Plaintiff.

## COLLECTIVE ACTION ALLEGATIONS

53.     Plaintiff incorporates by reference the allegations in the preceding paragraphs.

54.     Plaintiff has actual knowledge that FLSA Class Members have also been denied overtime pay for hours worked over forty (40) hours per workweek as a result of Defendants' misclassification of its employees.

55.     Plaintiff's knowledge is based on his personal work experience and through communications with other workers of Defendants.

56.     Other hourly paid workers similarly situated to the Plaintiff worked for Defendants throughout the United States, but were not paid overtime at the rate of one and one-half their regular rate when those hours exceeded forty (40) hours per workweek.  Also, like Plaintiff, these other workers were not paid for all hours worked

57.     Although Defendants permitted and/or required FLSA Class Members to work in excess of forty (40) hours per workweek, Defendants has denied them full compensation for their hours worked over forty (40).

58.     Defendants have classified and continue to classify FLSA Class Members as independent contractors.

59.     FLSA Class Members perform or have performed the same or similar work as Plaintiff and were misclassified as independent contractors by Defendants.

60.     FLSA Class Members are not exempt from receiving overtime pay under the FLSA.

61.     As such, FLSA Class Members are similar to Plaintiff in terms of relevant job duties, pay structure, misclassification as independent contractors and/or the denial of overtime pay.

62.     Defendants' failure to pay overtime compensation at the rate required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of FLSA Class Members.

63.     The experiences of Plaintiff, with respect to his pay, hours, and duties are typical of the experiences of FLSA Class Members.

64.     The specific job titles or precise job responsibilities of each FLSA Class Member does not prevent collective treatment.

65.     All FLSA Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty (40) during a workweek.

66.     Although the exact amount of damages may vary among FLSA Class Members, the damages for FLSA Class Members can be easily calculated by a simple formula. The claims of all FLSA Class Members arise from a common nucleus of facts.  Liability is based on a systematic course of wrongful conduct by Defendants that caused harm to all FLSA Class Members.

67.     As such, the class of similarly situated Plaintiffs for the FLSA Class is properly defined as follows:

> All current and former workers paid  an hourly rate or day rate classified as independent contractors who performed work for Defendants associated with monitoring and maintaining oil and gas wells throughout the United States during the three-year period before the filing of this Complaint up to the date the court authorizes notice.

## COUNT TWO:  VIOLATION OF COLORADO WAGE CLAIM ACT (CLASS ACTION)

68.     Plaintiff incorporates by reference the allegations in the preceding paragraphs.

69.     At all relevant times, Defendants have been, and continue to be, an "employer" within the meaning of the CWCA.  At all relevant times, Defendants have employed and continue to employ, "employees," including the Colorado Class Members and Plaintiff, within the meaning the CWCA.

70.     As a result of the foregoing conduct, as alleged, Defendants have failed to pay wages due under the CWCA and the Colorado Minimum Wage Act, *see* COLO. REV. STAT. § 8-4-101, *et seq.*, as implemented by the Minimum Wage Order, thereby violating, and continuing to violate, the CWCA.  These violations were committed knowingly, willfully and with reckless disregard of applicable law.

71.     As a result, Plaintiff and the Colorado Class Members have been damaged in an amount to be determined at trial.  Plaintiff, on behalf of himself and on behalf of the Colorado Class Members, hereby demand payment as contemplated by the CWCA in an amount sufficient to compensate Plaintiff and the Colorado Class Members for all unpaid overtime wages.

## RULE 23 CLASS ACTION ALLEGATIONS

72.     Plaintiff incorporates by reference the allegations in the preceding paragraphs.

73.     Plaintiff brings his overtime claims arising under the CWCA and Colorado Minimum Wage Order 29 as a Rule 23 class action on behalf of the following class:

> All current and former workers paid by the hour or day in Colorado who were paid for at least one week as an independent contractor during the three-year period before the filing of this Complaint up to the present.

74.     Although Plaintiff does not know the precise number of members of the proposed class, Plaintiff believes there are more than 100 individuals that fit into each class.

75.     The members of the class are so numerous that their individual joinder is impractical.

76.     The identity of the members of the class is readily discernible from Defendants' records.

77.     Plaintiff and the proposed class on one hand, and Defendants on the other, have a commonality of interest in the subject matter and remedy sought, namely back wages plus penalties, interest, attorneys' fees and the cost of this lawsuit.

78.     Common questions of law and fact exist to all members of the class. These questions predominate over the questions affecting individual class members. These common legal and factual questions include, but are not limited, to the following:

    a) Whether Plaintiff and the Class Members worked hours in excess of forty per work week;

    b) Whether Plaintiff and the Class Members worked in excess of 12 hours per day;

    c) Whether Plaintiff and the Class Members were denied overtime pay at a rate not less than one and one half times their regular rate as prescribed by Colorado Law;

    d) Whether Defendants failed to properly classify Plaintiff and Class Members as employees under Colorado Law.

79.     These and other common questions of law and fact, which are common to the members of the class, predominate over any individual questions affecting only individual members of the class.

80.     Plaintiff's claims are typical of the claims of the class because Plaintiff was not paid overtime wages in accordance with Colorado law and because Defendants classified him as an independent contractor just as they did with the Colorado Class Members.

81.     Plaintiff is an adequate representative of the class because his interests do not conflict with the interests of the class that he seeks to represent. Plaintiff has retained competent counsel, highly experienced in complex class action litigation, and they intend to prosecute this

action vigorously. The interests of the class will be fairly and adequately protected by Plaintiff and his counsel.

82.     The class action under Colorado state law is superior to other available means of fair and efficient adjudication of the state law claims of Plaintiff and the Colorado Class Members. The injuries suffered by each individual class member are relatively small in comparison to the burden and expense of individual prosecution of a complex and extensive litigation necessitated by Defendants' conduct. It would be virtually impossible for members of the class individually to redress effectively the wrongs done to them; even if the members of the class could afford such individual litigation, the court system could not. Individualized litigation presents the possibility for inconsistent or contradictory judgments. Individualized litigation increases the delay and expense to all parties and to the court system presented by the complex, legal and factual issues of the case. By contrast, the class action presents far fewer logistical issues and provides the benefits of a single adjudication, economy of scale and comprehensive supervision by a single court.  Plaintiff is not aware of any other litigation filed against these Defendants asserting similar claims.

83.     The operative question in this case is whether the workers in question were independent contractors or employees.  Therefore evidence common to all classes will be determinative to all classes.

## DAMAGES SOUGHT

84.     Plaintiff and the Class Members are entitled to recover their unpaid overtime compensation and unpaid regular pay and overtime pay for all hours that were completely uncompensated by Defendants. 29 U.S.C. §§ 207, 216; COLO. REV. STAT. § 8-4-101, *et seq.*

85.     Plaintiff and the Class Members and are entitled to an amount equal to all of their unpaid wages as liquidated damages. 29 U.S.C. § 216(b).

86.     Plaintiffs and the Class Members are entitled to recover attorney's fees and costs as required by the FLSA, the CWCA, and the Colorado Minimum Wage Act, as implemented by Colorado Minimum Wage Orders 28-30.  29 U.S.C. § 216(b); COLO. REV. STAT. § 8-6-118.

## JURY DEMAND

87.      Plaintiff and Class Members hereby demand trial by jury on all issues.

## PRAYER

88.     For these reasons, Plaintiff, the FLSA Class Members, and the Colorado Class Members respectfully request that judgment be entered in their favor awarding them the following:

   a. Overtime compensation for all hours worked over forty in a workweek, twelve hours in a workday, or twelve consecutive hours at the applicable time-and-a-half rate;

   b. Liquidated damages in an amount equal to their unpaid overtime as allowed under the FLSA;

   c. Reasonable attorney's fees, costs, and expenses of this action as provided by the FLSA, the CWCA, and the Colorado Minimum Wage Act; and

   d. Such other and further relief to which Plaintiff and Class Members may be entitled, at law or in equity.

Respectfully submitted this 13th day of November, 2014,


KENNEDY HODGES, L.L.P.

By:   /s/ Galvin B. Kennedy_____
      Galvin B. Kennedy
      Gkennedy@kennedyhodges.com
      Texas State Bar No. 00796870
      Admitted before U.S. District Court of
      Colorado
      711 W. Alabama St.
      Houston, TX 77006
      Telephone: (713) 523-0001
      Facsimile: (713) 523-1116


LEAD ATTORNEY IN CHARGE FOR PLAINTIFF AND CLASS MEMBERS


OF COUNSEL:
Udyogi Hangawatte
uhangawatte@kennedyhodges.com
California Bar No. 268149
Will Seek Admittance to U.S. District
Court of Colorado
John Neuman
jneuman@kennedyhodges.com
Texas Bar No. 24083560
Admitted before U.S. District Court of
Colorado
KENNEDY HODGES, L.L.P.
711 W. Alabama St.
Houston, TX  77006
Telephone: (713) 523-0001
Facsimile: (713) 523-1116