IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03071-MJW

JACK BAHR, *Individually and On Behalf of All Others Similarly Situated*,

Plaintiff,

v.

WOLF OIL AND GAS, LLC,
JEFFERY WOLF, and
JESSE WOLF,

Defendants.

## OPINION AND ORDER

Michael J. Watanabe
United States Magistrate Judge

    Before the Court is the parties' Joint Motion for Approval of Settlement. (Docket No. 53.) The Court has reviewed the motion and the proposed settlement agreement (Docket Nos. 53 & 54), taken judicial notice of the Court's entire file in this case, and considered the applicable Federal Rules of Civil Procedure, statutes, and case law. Now being fully informed, the Court GRANTS the motion for the following reasons and ORDERS the parties to submit dismissal papers under Fed. R. Civ. P. 41(a) no later than October 30, 2015.

    This is a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* The matter has been conditionally certified under *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165 (1989) (*see* Docket No. 38), and four opt-in plaintiffs have joined the case (Docket Nos. 42, 43, & 44). At the motion and fairness hearing on this matter, Plaintiff's counsel represented that all five plaintiffs (the original named plaintiff and all four opt-in plaintiffs) have signed the proposed settlement agreement. (Docket No. 59.)

    The provisions of the FLSA are not subject to private negotiation between employers and employees. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352 (11th Cir. 1982) (citing *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706-07 (1945)). Accordingly, when employees file suit against an employer to recover wages under the FLSA, the parties must present any proposed settlement to the district court for review and a determination that the settlement is fair and reasonable. *Id.* at 1353. The Court may enter a stipulated judgment after scrutinizing the settlement for fairness; this scrutiny effectuates the purpose of the statute, which is to "protect certain groups of

the population from substandard wages and excessive hours . . . due to the unequal bargaining power as between employer and employee." *Baker v. Vail Resorts Mgmt. Co.*, No. 13-cv-01649-PAB-CBS, 2014 WL 700096, at *1 (D. Colo. Feb. 24, 2014) (quoting *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945)). Accordingly, to approve the settlement agreement, the Court must find that (1) the litigation involves a bona fide dispute, (2) the proposed settlement is fair and equitable to all parties concerned, and (3) the proposed settlement contains a reasonable award of attorney fees. *See McCaffrey v. Mortg. Sources, Corp.*, 2011 WL 32436, at *2 (D. Kan. Jan. 5, 2011); *Lynn's Food Stores*, 679 F.2d at 1354.

The Court finds here that a bona fide dispute exists between the parties, as to the proper classification of plaintiffs (as employees or as independent contractors) and as to the willfulness of defendants' conduct. (*See* Docket Nos. 35, ¶¶ 28-33, 38-40; 39, ¶¶ 28-33, 38-40; 53, pp.3-4.) The Court further finds that the settlement is fair and equitable to all parties concerned, and includes a reasonable award of attorneys fees, because:

(1) the named plaintiff and the defendants affirmed as much at the motion and fairness hearing (Docket No. 59);

(2) the opt-in plaintiffs are limited in number and have all signed the settlement agreement, and no opt-in plaintiff appeared at the hearing despite having been provided notice (Docket Nos. 58 & 59);

(3) the $40,000 paid in settlement appears fair and equitable for a dispute of this nature; and

(4) plaintiff's counsel's represented that all plaintiffs will receive their full back-pay owed under the statute (*id.*).

To determine whether a proposed settlement under Section 216(b) of the FLSA is fair and equitable to all parties, courts have regularly applied the same fairness factors as those applied in determining the fairness and equity of a proposed class action settlement under Fed. R. Civ. P. Rule 23(e). In making such a determination, the Tenth Circuit considers (1) whether the proposed settlement was fairly and honestly negotiated, (2) whether serious questions of law and fact exist which place the ultimate outcome of the litigation in doubt, (3) whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation, and (4) the judgment of the parties that the settlement is fair and reasonable. *Rutter & Wilbanks Corp. v. Shell Oil Co.*, 314 F.3d 1180, 1188 (10th Cir. 2002). These factors are satisfied here.

Dated this 6th day of October, 2015.

> */s/ Michael J. Watanabe*
> MICHAEL J. WATANABE
> United States Magistrate Judge